TULSA WATER AUTHORITY — NOT PUBLIC BODY — WAGE RATES PAYABLE The Tulsa Metropolitan Water Authority, a public trust, created under 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961), is not a "public body" as defined in 40 O.S. 196.2 [40-196.2](6) (1969), and is therefore not subject to the provisions of 40 O.S. 196.1 [40-196.1] — 40 O.S. 196.12 [40-196.12], relating to prevailing wage rates payable by a public body engaged in public works. The Attorney General has had under consideration your recent letter in which you advise and inquire as follows: "The Tulsa Metropolitan Water Authority is a Public Trust created under the provisions of Title 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961). The Trustees, in fact, are the members of the Utility Board of the City of Tulsa. "The Water Authority is preparing to issue request for bids and let a contract for the Construction of a water line to service the Port of Catoosa. The question has been raised as to whether or not the Tulsa Metropolitan Water Authority is subject to the Provision of 40 O.S. 196.1 [40-196.1] — 40 O.S. 196.12 [40-196.12] [40-196.12] (1969): The issue apparently turns on whether or not the Authority is a 'Public Body' as defined in Section 196.2(6)." Title 60 O.S. 176 [60-176] (1961), provides in pertinent part: "Express trusts may be created in real or personal property, or either or both, or in any estate or interest in either or both, with the State, or any county, municipality, political or governmental subdivision, or governmental agency of the State as the beneficiary thereof, and the purpose thereof may be the furtherance, or the providing of funds for the furtherance, of any authorized or proper function of the said beneficiary." (Emphasis added) It is presumed that the Tulsa Metropolitan Water Authority, as a public trust, was created under and in full compliance with the provisions of 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961). Title 40 O.S. 196.1 [40-196.1] [40-196.1] (1969), provides: "It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work." (Emphasis added) Title 40 O.S. 196.2 [40-196.2](6) (1969), defines "public body" as follows: "'Public body' means the State of Oklahoma or any officer, board, or commission of the State, or other political subdivision." In State v. Garrison, Okl., 348 P.2d 859 (1960), the Oklahoma Supreme Court observed, at page 862, as follows: "We digress in order to point out that the trust is a legal entity separate and apart from the State and the political subdivisions of the State and as such (assuming that it qualifies as a public trust) an 'agency of the state and the regularly constituted authority . . . for the performance of the functions for which the trust shall have been created'. 60 O.S. 179 [60-179] (1951)." The court further observed, at page 863, that: "The fact that trusts formed under the statute heretofore referred to are 'agencies of the State' or of one of its political subdivisions does not serve to blend them with towns and cities that become beneficiaries." A public trust is not covered by the definition of the phrase "public body" contained in 40 O.S. 196.2 [40-196.2](6) (196), which is by definition limited to the State, and any officer, board, or commission of the State, or other political subdivision. Accordingly, it is the opinion of the Attorney General that your question must be answered in the negative in that the Tulsa Metropolitan Water Authority, as a public trust created under the provisions of Title 60 O.S. 176 [60-176] — 60 O.S. 180 [60-180] (1961), is not a "public body" as defined in 40 O.S. 196.2 [40-196.2](6) (1969), and is therefore not subject to the provisions of 40 O.S. 196.1 [40-196.1] — 40 O.S. 196.12 [40-196.12] (1969), relating to prevailing wage rates payable by a public body engaged in public works. (Carl G. Engling)